UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATALIE ROSE BURCH, <br><br> Plaintiff, <br><br> -against- <br><br> DEPARTMENT OF SOCIAL SERVICES, CORTLAND COUNTY; CASEWORKER ERICA BERNHARDT, individual and in her official capacity, <br><br> Defendants. | 1:25-CV-7849 (LTS) <br><br> TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Natalie Rose Burch, of Cortland, County of Cortland, New York, brings this action *pro se* on behalf of her minor child and, perhaps, on behalf of herself and her husband, Matthew John Burch, whom, Plaintiff alleges, is currently incarcerated and is awaiting extradition to Florida.[1] In her complaint, Plaintiff asserts claims for damages and injunctive relief under 42 U.S.C. § 1983 and under state law. (ECF 1, at 1-3.) In addition to filing a complaint and an *in forma pauperis* ("IFP") application, Plaintiff has filed an application for the court to request *pro bono* counsel, a motion for a temporary restraining order ("TRO motion"), and three letters. (ECF 2, 4, 7, 9-11.) In her TRO motion, Plaintiff asks the Court to issue a temporary restraining order "against the defendants to prevent further harassment, retaliation, and violations of [her] family's rights." (ECF 7, at 3.) In her latest filed submission, a letter filed on September 24, 2025, Plaintiff informs the Court that "state authorities removed [her] child from [her] home." (ECF 11.) Plaintiff sues: (1) the Cortland County Department of Social Services ("CCDSS"); and (2) CCDSS employee/agent/caseworker Erica Bernhardt, in her official and individual

---

[1] Plaintiff has consented to electronic service of court documents. (ECF 6 & 8.)

capacities.[2] For the following reasons, the Court transfers this action to the United States District Court for the Northern District of New York.

## DISCUSSION

The appropriate venue provision for Plaintiff's claims is found at 28 U.S.C. § 1391(b), which provides that, unless otherwise provided by law, a federal civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. § 1391(c)(1), (2).

CCDSS, an agency of the County of Cortland, appears to reside within that county, which lies within the Northern District of New York, *see* 28 U.S.C. §112(a), and not in this judicial district.[3] Plaintiff does not indicate, however, where Bernhardt resides; she does not allege

---

[2] In Plaintiff's complaint, IFP application, TRO motion, application for the court to request *pro bono* counsel, civil cover sheet, and consents to electronic service of court documents (ECF 1-4, 6-8), Plaintiff reveals the full name of a minor child. Under Rule 5.2 of the Federal Rules of Civil Procedure, no court submission is permitted to refer to a minor child using that child's full name; it may only do so by using the child's name's initials. Fed. R. Civ. P. 5.2(a)(3). In an abundance of caution, the Court has directed the Clerk of Court to restrict electronic access to the abovementioned court submissions so that electronic access is available only to court personnel.

[3] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

anything to suggest that Bernhardt resides within this judicial district. Thus, it is unclear whether this court is a proper venue for this action under Section 1391(b)(1).

Plaintiff does allege, however, that a substantial part, if not all of the alleged events have occurred in Cortland, County of Cortland, New York, within the Northern District of New York, *see* § 112(a); she does not seem to state that any of the alleged events took place within this judicial district.[4] Thus, it is clear that the United States District Court for the Northern District of New York is a proper venue for this action under Section 1391(b)(2).

Under 28 U.S.C. § 1404(a), even if a civil action is filed in a federal district court where venue is proper, a court may transfer the action to any other federal district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y.

---

[4] Plaintiff alleges that "the events giving rise to this complaint occurred in Cortlandt, New York." (ECF 1, at 1.) Cortlandt, New York, lies within the County of Westchester, within this judicial district. *See* § 112(b). All of the County of Cortland, including the City of Cortland, however, lies within the Northern District of New York. *See* § 112(a). Because Plaintiff alleges that she resides in Cortland, County of Cortland, New York, and that a substantial part of the events giving rise to her claims occurred there (ECF 1, 7, 9-11), the Court understands that a substantial part of the events giving rise to her claims occurred in the Northern District of New York, and not in this judicial district.

3

2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate for this action. Because Plaintiff seems to allege that a substantial part, if not all of the events giving rise to her claims occurred within the Northern District of New York, it is reasonable to expect that relevant documents and witnesses would also be located within that judicial district. The United States District Court for the Northern District of New York, which is a proper venue for Plaintiff's claims under Section 1391(b)(2), therefore, appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to that court. *See* § 1404(a); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Northern District of New York. *See* 28 U.S.C. § 1404(a). Whether a court should (1) allow Plaintiff to proceed further without prepayment of fees, (2) request *pro bono* counsel to represent Plaintiff in this action, or (3) grant Plaintiff's TRO motion, are determinations to be made by the transferee court. Summonses shall not issue from this court. This order closes this action in this court. The Court directs the Clerk of Court to terminate ECF 4 and 7 on this court's docket.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court also directs the Clerk of Court to transfer this action to the United States District Court for the Northern District of New York immediately upon entry of this order; the Court waives the seven-day waiting period articulated in Local Civil Rule 83.1.

SO ORDERED.

Dated: September 25, 2025
       New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                      Chief United States District Judge