**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

NATALIE ROSE BURCH,

                Plaintiff,

    v.                                                                  5:25-cv-01350 (AMN/DJS)

DEPARTMENT OF SOCIAL SERVICES,
CORTLAND COUNTY *et al.*,

                Defendants.

---

**APPEARANCES:**                                   **OF COUNSEL:**

**NATALIE ROSE BURCH**
10 Kellogg Road – Apartment 156
Cortland, New York 13045
Plaintiff *pro se*

**Hon. Anne M. Nardacci, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

On September 18, 2025, plaintiff *pro se* Natalie Rose Burch ("Plaintiff") commenced this action against numerous defendants (collectively, "Defendants"), asserting claims under 42 U.S.C. § 1983 ("Section 1983") and New York law. Dkt. No. 1. Plaintiff sought and received leave to proceed *in forma pauperis*. Dkt. No. 23 at 2.[1] Plaintiff has since filed an amended complaint, Dkt. No. 24 ("Amended Complaint") as well as numerous motions, Dkt. Nos. 25, 27, 36, 38, 40.

This matter was referred to United States Magistrate Judge Daniel J. Stewart, who reviewed the Amended Complaint pursuant to 28 U.S.C. § 1915(e) and, on December 23, 2025,

---

[1] Citations to docket entries utilize the pagination generated by CM/ECF, the Court's electronic filing system, and not the documents' internal pagination.

recommended that the Complaint be dismissed with leave to amend. Dkt. No. 41 ("Report-Recommendation"). Magistrate Judge Stewart advised that pursuant to 28 U.S.C. § 636(b)(1), the parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review. *Id.* at 13. Plaintiff filed a "partial objection" to the Report-Recommendation on January 3, 2026. Dkt. No. 42.

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety and dismisses the Amended Complaint with leave to amend.

## II.   STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection. 28 U.S.C. § 636(b)(1)(C). "To be 'specific,' the objection must, with particularity, 'identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection.'" *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012) (alteration in original) (quoting N.D.N.Y. Local Rule 72.1(c)). If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 229. Similarly, when a party files "[g]eneral or conclusory objections, or objections which merely recite the same arguments [previously] presented to the magistrate judge," the district court reviews a magistrate judge's report-recommendations for clear error. *O'Diah v. Mawhir*, No. 08-cv-322, 2011 WL 933846, at *1 (N.D.N.Y. Mar. 16, 2011) (citations omitted); *accord Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) (a "statement, devoid of any reference to specific findings or recommendations to which [the plaintiff] objected and why, and unsupported by legal authority, was not sufficient to preserve" a claim); *Petersen*, 2 F. Supp. 3d at 228-29 &

2

n.6 (collecting cases). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc. Sec.*, No. 21-cv-01138, 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 17-cv-0367, 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has held that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). That said, "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ." *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920, at *2, (S.D.N.Y. Aug. 25, 2011) (citation omitted); *accord Caldwell v. Petros*, No. 22-cv-567, 2022 WL 16918287, at *1 (N.D.N.Y. Nov. 14, 2022). After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### III.   DISCUSSION

The Court adopts those aspects of the Report-Recommendation to which no party has raised a specific objection, finding no clear error therein, including the background and the legal framework set forth in the Report-Recommendation, familiarity with which is presumed for purposes of this decision.

As relevant here, Magistrate Judge Stewart first determined that Plaintiff's limited and generalized factual allegations did not comply with Rule 8 of the Federal Rules of Civil Procedure. Dkt. No. 41 at 2-3, 5; *see also City of Pontiac Police & Fire Ret. Sys. v. BNP Paribas Secs. Corp.*, 92 F.4th 381, 396 (2d Cir. 2024) ("[Federal Rule of Civil Procedure 8(a)] is designed to permit [*each*] defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery.") (alterations in original) (citation omitted). Magistrate Judge Stewart next found that Plaintiff's allegations were insufficient to state a claim under Section 1983 against any defendant, including because Plaintiff had not alleged that certain defendants were state actors. Dkt. No. 41 at 6-8; *see also Milan v. Wertheimer*, 808 F.3d 961, 964 (2d Cir. 2015) ("To avoid *sua sponte* dismissal of a § 1983 claim, a plaintiff must allege that (1) the defendant was a state actor, i.e., acting under color of state law, when he committed the violation and (2) the defendant deprived the plaintiff of 'rights, privileges or immunities secured by the Constitution or laws of the United States.'") (citation omitted). Finally, Magistrate Judge Stewart concluded that exercising supplemental jurisdiction over Plaintiff's state law claims would not be appropriate, because the parties were non-diverse and Plaintiff had not set forth a federal claim. Dkt. 41 at 8-9.

Given the nature of the deficiencies in the Amended Complaint, and in light of Plaintiff's *pro se* status, Magistrate Judge Stewart recommended that she receive leave to file a third complaint. *Id.* at 9-10. Magistrate Judge Stewart also detailed the requirements for any amended complaint, including compliance with Rules 8 and 10 of the Federal Rules of Civil Procedure. *Id.* at 10.

With respect to Plaintiff's request for the appointment of counsel, Magistrate Judge Stewart considered the relevant factors, determined that the appointment of counsel was unwarranted at

this early stage, and denied Plaintiff's request. *Id.* at 11. Magistrate Judge Stewart also considered a number of additional requests from Plaintiff, and either denied or recommended that each be denied. *Id.* at 11-12.

Plaintiff has filed a "partial objection" to the Report-Recommendation. Dkt. No. 42. Plaintiff states that she "understand[s] the structure and reasoning of the Magistrate Judge's Report and Recommendation[,]" but "object[s] to the conclusion that my claims are insufficient" because "certain portions" of her submissions "were not fully addressed or may not have been given sufficient consideration." *Id.* at 2. While Magistrate Judge Stewart detailed a number of reasons why Plaintiff's claims were insufficient, Plaintiff does not specifically object to any of these reasons. *Compare* Dkt. No. 41 at 5-9, *with* Dkt. No. 42. Plaintiff similarly identifies no portion of her submissions that Magistrate Judge Stewart did not "fully" address or consider. Because Plaintiff's objection is general and conclusory, the Court reviews the relevant portions of the Report-Recommendation for clear error, and finds none. *Caldwell*, 2022 WL 16918287, at *2.

Plaintiff also requests leave to amend and argues that she has additional information with which she could amend. Dkt. No. 42 at 2-3. To the extent this request constitutes an objection, it is moot. Magistrate Judge Stewart already recommended that Plaintiff receive a third opportunity to file a complaint, and explained the legal standards that will be applied to her amended allegations. Dkt. No. 41 at 9-10.

Plaintiff does not object to any of Magistrate Judge Stewart's other findings and recommendations, including with respect to her various motions. *See generally* Dkt. No. 42.

Accordingly, the Court reviews the balance of Report-Recommendation for clear error, and finds none. As a result, the Report-Recommendation is adopted in its entirety.

## IV.    CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 41, is **ADOPTED** in its entirety; and the Court further

**ORDERS** that the Amended Complaint, Dkt. No. 24, is **DISMISSED with leave to amend**; and the Court further

**ORDERS** that any amended complaint must be filed within **thirty (30) days** of the filing date of this Order; and the Court further

**ORDERS** that, if Plaintiff timely files an amended complaint, it shall be referred to Magistrate Judge Stewart for review; and if Plaintiff fails to file a timely amended complaint, the Clerk is directed to close this case without further order of this Court; and the Court further

**ORDERS** that Plaintiff's motions, Dkt. Nos. 36, 38, 40, are **DENIED**; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on all parties in accordance with the Local Rules.[2]

**IT IS SO ORDERED.**

Dated: February 3, 2026
Albany, New York

_Anne M. Nardacci_
Anne M. Nardacci
U.S. District Judge

---

[2] The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein.